## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

| | | |
|---|---|---|
| ICON HEALTH & FITNESS, INC., a Delaware Corporation, | : | Civil Action No. _____ |
| | : | |
| Plaintiffs, | : | |
| v. | : | |
| | : | |
| IFITNESS TEAM LLC, a New Jersey Limited Liability Company, | : | |
| | : | |
| Defendant. | : | |
| | : | |
| _____ | x | |

### COMPLAINT AND DEMAND FOR TRIAL BY JURY

Plaintiff ICON HEALTH & FITNESS, INC ("ICON" or "Plaintiff"), by its undersigned attorneys, hereby submits this Complaint against Defendant IFITNESS TEAM LLC. ("Defendant"), and alleges as follows:

### PARTIES

1.      Plaintiff ICON Health & Fitness, Inc. (hereinafter "ICON" or "Plaintiff") is a Delaware corporation with a principal place of business at 1500 South 1000 West, Logan, Utah, 84321.

2.      On information and belief, Defendant iFitness Team, LLC ("Defendant") is a New Jersey limited liability company doing business at 865 Carmel Road, Millville, New Jersey, 08332 and / or 1 Glass Street, Bridgeton, New Jersey, 08302.

### NATURE OF THE CLAIMS

3.      This is an action for trademark infringement and unfair competition.  Defendant has willfully engaged in trademark infringement of ICON's federally registered trademark and has engaged in unfair competition.

## JURISDICTION AND VENUE

4.      Among others, this action includes claims arising under the provisions of the Trademark Laws of the United States of America, Title 15 of the United States Code.  Accordingly, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

5.      Subject-matter jurisdiction over Plaintiff's claims is conferred upon this Court by 15 U.S.C. §§ 1119 and 1121(a), and 28 U.S.C. §§ 1331, 1338(a), and 1338(b). This Court has supplemental jurisdiction over any factually-related state law issues in this dispute pursuant to 28 U.S.C. § 1338(b) and 28 U.S.C. § 1367.

6.      Defendant is subject to the personal jurisdiction of this Court under the laws of the state of New Jersey and Rule 4 of the Federal Rules of Civil Procedure because Defendant is a resident of this judicial district.

7.      Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b)(1) and 1391(c)(2).

## GENERAL ALLEGATIONS

8.      ICON is an innovative manufacturer, designer, and retailer of fitness equipment, gear, and technology. ICON has been designing and manufacturing exercise machines since the 1980s, and is known for its high quality engineering and designs.

9.      ICON extensively markets and promotes some of its goods and services through the use of its trademark "IFIT" (hereinafter referred to as the "IFIT Mark").  As part of that effort, ICON has used the IFIT Mark on a continuous basis since at least January 1999.

10.     As a result of substantial sales and advertising and promotion, the IFIT Mark has become widely and favorably known as identifying ICON's goods and services, and has become an intellectual property asset of considerable value to ICON.

2

11.     On February 11, 1999, ICON filed its first application for trademark registration with the USPTO pertaining to the IFIT Mark and subsequently obtained U.S. Reg. No. 2,618,509 for the IFIT Mark for use in connection with exercise machines and fitness related educational services.

12.     ICON has filed and successfully registered the following trademark registrations for the IFIT Mark:

| Reg./App. No. | Mark | Goods |
|---|---|---|
| 2,466,474 (filed July 21, 1999) | IFIT.COM | IC 042 – Information and consultation services in the field of exercise equipment and personal health, fitness and nutrition by means of a global computer network. |
| 2,618,509 (filed February 11, 1999) | IFIT | IC 028 – Fitness and exercise machines. IC 041 – Educational services, namely, conducting personal training in the field of health and fitness. |
| 4,450,213 (filed December 27, 2012) | iFIT | IC 041 – Personal fitness training and consultancy including an online computer database system. |
| 4,500,591 (filed February 21, 2013) | IFIT | IC 042 – ASP software storing and displaying personal performance data for fitness activities. |
| 4,604,633 (filed December 18, 2013) | IFIT | IC 009 – Web-based, downloadable software for the collection and storage of personal performance fitness data. |
| 5,228,698 (filed June 24, 2015) | IFIT | IC 020 – Mattresses. |
| 5,530,425 (Filed February 5, 2014) | iFIT | IC 009 – Pedometers; altimeters; scales; multifunctional electronic devices for displaying, measuring, and uploading to the Internet and computer networks information including time, date, heart rate, global positioning, direction, distance, altitude, speed, steps taken, calories burned, navigational information, weather information, temperature, wind speed, changes in heart rate, activity level, hours slept, and quality of sleep; computer software for wireless data |

| | | |
|---|---|---|
| | | communication for receiving, processing, transmitting and displaying information relating to fitness, body fat, body mass index, and heart rate; electronic monitoring devices incorporating microprocessors, digital display, and accelerometers, for detecting, storing, reporting, monitoring, uploading and downloading sport, fitness training, and activity data to the Internet, and communication with personal computers, regarding time, steps taken, calories burned, distance; computer software and computer application software for mobile phones and personal digital devices that provide tips, coaching, and personalized workouts, to improve the user's fitness level. |
| 5,382,573<br>(filed May 4, 2017) | IFIT | IC 005 – Nutritional supplement in the nature of a nutrient-dense, protein-based drink mix; powdered nutritional supplement drink mix; protein supplement shakes for weight gain purposes. |

(all the above registrations collectively hereafter the "IFIT Registrations").

13.     True and correct copies of printouts from the United States Patent and Trademark Office TESS database evidencing the federal registrations of the IFIT Registrations are attached hereto as Exhibits 1-8, respectively.

14.     As applicable, ICON submitted a Declaration of Incontestability under Section 15 of the Lanham Act for the IFIT Registrations, which declarations were acknowledged by the U.S. Patent and Trademark Office.  Copies of ICON's declarations for Registration Nos. 2,466,474 and 2,618,509 and the USPTO's acknowledgements as applicable are attached hereto as Exhibits 9 and 10 respectively.

15.     The IFIT Registrations constitute constructive notice to Defendant and others of ICON's ownership of the IFIT Mark.

16.     ICON is also the owner of common law rights in and to the IFIT Mark in connection with exercise and fitness goods and services.  (The IFIT Registrations and the common law rights in and to the IFIT Mark are collectively referred to herein as the "IFIT Marks").

17.     The IFIT Marks have been in continuous use in interstate commerce since at least the date of first use listed in each of the IFIT Registrations.

18.     All of the federal registrations for the IFIT Marks are in full force and effect, and at least Registration Nos. 2,466,474 and 2,618,509 are incontestable.

19.     As a result of ICON's continuous use of the IFIT Marks, the IFIT Marks have become assets of substantial value to ICON as distinctive indicators of the origin and quality of ICON's exercise and fitness goods and services.

20.     By its continuous use of the IFIT Marks, ICON has developed significant and valuable goodwill in the eyes of the consuming public.

21.     Defendant has adopted and is using the mark "IFITNESS EQUIP" in connection with the marketing and sale of exercise and fitness equipment.

22.     Defendant's "IFITNESS EQUIP" mark is highly similar to, and confusingly similar to, the IFIT Mark, as both marks begin with the letters "ifit," and have similar exercise and fitness related connotations.

23.     Defendant uses "IFITNESS EQUIP" to market exercise and fitness related goods and services to the same or similar customers to whom ICON markets its goods and services, and in the same or similar channels of trade used by ICON to market its goods and services.

24.     The confusing similarity in the marks, the similarity in customers to whom ICON and Defendant market their goods and services, and the similarity of channels of trade in which ICON and Defendant market their goods and services, is likely to cause confusion among

consumers as to the source, origin, and/or affiliation of Defendant's goods and services. Specifically, the similarities referenced herein are likely to cause consumers to believe that the goods and services offered by Defendant originate from, are affiliated with, or are sponsored by ICON, when there is in fact no affiliation with or sponsorship of Defendant by ICON.

25.     ICON has not licensed Defendant to use the IFIT Marks, and Defendant does not have any right or authority to license others to use the IFIT Marks or any confusingly similar trademark.

26.     In addition to the constructive notice provided by ICON's federal registration of the IFIT Mark, ICON provided actual notice to Defendant of its infringing conduct by way of correspondence as early as August 16, 2018.  A copy of that notice is attached hereto as Exhibit 11.

27.     Upon information and belief, Defendant had actual knowledge of ICON's exclusive rights in the IFIT Marks even earlier than August 16, 2018, and persisted in its infringement notwithstanding said knowledge.

28.     Defendant has improperly and unjustly profited from its wrongful use of the IFIT Marks, and has willfully carried out its actions with the intent to trade on the goodwill associated with ICON and the IFIT Marks. Defendant has done so with knowledge that its actions would result in consumer confusion and/or with reckless disregard for the consumer confusion that it knew was likely to result.

**FIRST CLAIM FOR RELIEF**
**Trademark Infringement In Violation Of The Lanham Act — 15 U.S.C. § 1114**

29.     Plaintiff incorporates by reference all previous allegations of this Complaint as if specifically set forth herein.

30.     Defendant's unauthorized use of the "IFITNESS EQUIP" mark is likely to cause confusion, or to cause mistake, or to deceive, in violation of 15 U.S.C. § 1114.  It is an attempt to trade on the goodwill and reputation that ICON has generated in its name and the IFIT Marks.

31.     Defendant's use of the "IFITNESS EQUIP" mark has caused and is causing irreparable injury to ICON, and ICON has no adequate remedy at law for the damage to its reputation and goodwill.  ICON will continue to be irreparably damaged unless Defendant is permanently enjoined from its infringing and illegal conduct, pursuant to Section 34 of the Lanham Act, 15 U.S.C. § 1116.

32.     Pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117, ICON is entitled to recover Defendant's profits and any damages ICON has sustained, in an amount to be assessed by the Court.

### SECOND CLAIM FOR RELIEF
### Federal Unfair Competition / Passing Off
### <u>In Violation Of The Lanham Act — 15 U.S.C. § 1125(a)</u>

33.     Plaintiff incorporates by reference all previous allegations of this Complaint as if specifically set forth herein.

34.     Defendant has used the "IFITNESS EQUIP" mark in interstate commerce to falsely represent, describe, and designate the origin, sponsorship and/or approval of its goods and services in a manner that is likely to cause confusion, mistake, or to deceive as to the affiliation, connection, and association of Defendant with ICON, and the origin, sponsorship, endorsement, or approval of the goods and services offered by Defendant in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

35.     Defendant's conduct constitutes an attempt to trade on the goodwill that ICON has developed in its IFIT Marks.

36.     ICON believes that it is or is likely to be damaged by the acts of Defendant as alleged herein.

37.     Indeed, Defendant's use of the "IFITNESS EQUIP" mark has caused and is causing irreparable injury to ICON, and ICON has no adequate remedy at law for the damage to its reputation and goodwill.  ICON will continue to be irreparably damaged unless Defendant is permanently enjoined from its infringing and illegal conduct, pursuant to Section 34 of the Lanham Act, 15 U.S.C. § 1116.

38.     Pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117, ICON is entitled to recover Defendant's profits and any damages ICON has sustained, in an amount to be assessed by the Court.

### THIRD CLAIM FOR RELIEF
### Unfair Competition Under New Jersey Common Law

39.     Plaintiff incorporates by reference all previous allegations of this Complaint as if specifically set forth herein.

40.     The aforementioned acts of Defendant constitute unfair competition and unfair business practices contrary to the common law of New Jersey.

41.     Defendant's conduct set forth above constitutes an intentional business act or practice that is unlawful and unfair. Defendant's conduct has led and will lead to a material diminution in the value of ICON's intellectual property and is an infringement of ICON's federal and common law trademarks.

42.     Defendant's conduct is likely to cause confusion, mistake, or deception as to the source or origin of Defendant's products, or the affiliation, sponsorship, or other relationship between the parties in violation of the Common Law of New Jersey.

43.     By its conduct, Defendant has caused ICON irreparable harm, damage, and injury to the value and goodwill that ICON has built in the IFIT Marks, as well as to ICON's business, goodwill, and reputation.

44.     Unless enjoined by this Court, Defendant will continue its unlawful use of the "IFITNESS EQUIP" mark.  Defendant's unlawful use has and will continue to cause immediate and irreparable harm to ICON for which ICON has no adequate remedy at law.

45.     As a result of Defendant's acts, ICON is entitled to damages in an amount to be proven at trial.

### FOURTH CLAIM FOR RELIEF
### Common Law Trademark Infringement

46.     Plaintiff incorporates by reference all previous allegations of this Complaint as if specifically set forth herein.

47.     This is a claim for common law trademark infringement.

48.     By reason of its continuous use and promotion of the IFIT Marks in connection with its goods and services, ICON has obtained common law trademark rights and valuable goodwill in its IFIT Marks.

49.     ICON has not licensed Defendant to use the IFIT Marks or anything similar thereto, and Defendant does not have any right or authority to license others to use the IFIT Marks or any confusingly similar trademark.

50.     Defendant has used and is using the "IFITNESS EQUIP" mark in commerce in connection with exercise machines and fitness equipment that it markets and sells throughout the United States.

51.     Defendant's IFITNESS mark is confusingly similar in sight, sound, and meaning to the IFIT Marks.  Indeed, its attempt, among others, to distinguish "IFITNESS EQUIP" from the IFIT Marks by simply adding "ness" to the end of IFIT is insufficient.

52.     Defendant's use of the "IFITNESS EQUIP" mark in connection with its goods and services constitutes infringement of ICON's IFIT Marks.

53.     By its conduct, Defendant has caused ICON irreparable harm, damage, and injury to the value and goodwill that ICON has built in the IFIT Marks, as well as to ICON's business, goodwill, and reputation.

54.     Upon information and belief, Defendant will continue to commit the acts complained of in this Complaint unless restrained and enjoined by this Court.

55.     As a result of Defendant's acts, ICON is entitled to damages in an amount to be proven at trial.

## FIFTH CLAIM FOR RELIEF
### Unfair Competition In Violation Of N.J.S.A. §§ 56:4-1 And 2

56.     Plaintiff incorporates by reference all previous allegations of this Complaint as if specifically set forth herein.

57.     The IFIT Marks constitute and represent, among others, the brands, trademarks, reputations and goodwill enjoyed by ICON in connection with its exercise and fitness related goods and services.

58.     Defendant's use of "IFITNESS EQUIP" is likely to deceive and confuse the public into believing that they are purchasing goods and services sponsored or approved by ICON. By engaging in the conduct set forth above, Defendant has misappropriated for its own the brands, trademarks, reputation, and goodwill of ICON.

59.     Defendant's acts constitute unfair competition in violation of N.J.S.A. §§ 56:4-1 and 2.

60.     As a result of Defendant's acts, ICON is entitled to injunctive relief and damages in an amount to be proven at trial.

### PRAYER FOR RELIEF

WHEREFORE, ICON requests that the Court grant ICON the following relief:

A.     For judgment holding Defendant liable for federal and common law trademark infringement of the IFIT Marks;

B.     For judgment holding Defendant liable for violations of 15 U.S.C. §§ 1114 and 1125(a);

C.     For judgment holding Defendant liable for unfair competition pursuant to common law and N.J.S.A. §§ 56:4-1 and 2;

D.     For Orders permanently enjoining Defendant, its agents and servants, and any and all parties acting in concert with any of them, from directly or indirectly infringing in any manner the IFIT Marks, including, but not limited to, an )rder enjoining them from:

a.   imitating, copying, duplicating, manufacturing, producing, circulating, or otherwise making any use of the IFIT Marks and/or "IFITNESS EQUIP";

b.   using any unauthorized copy or colorable imitation of the IFIT Marks, or using any false designation of origin or description, in such fashion as is likely to relate or connect Defendant with ICON or cause confusion;

c.   engaging in any other activity constituting unfair competition or infringement of the IFIT Marks or ICON's rights in, or to use, or to exploit the same; and

d.   assisting, aiding, or abetting another person or business entity in engaging or performing any of the activities enumerated in paragraphs (a) – (c) above;

E.     For an Order requiring Defendant and its principals, directors, agents, servants, employees, successors, and assigns, and all those in privity, concert, or participation with Defendant who receive actual notice of said Order to deliver up, or at ICON's election, certify the destruction of all promotional, advertising, product, packaging, and any other materials of any kind bearing the IFIT Marks and/or "IFITNESS EQUIP" and any other mark confusingly similar thereto;

F.     For judgment awarding ICON monetary damages in an amount to be fixed by the Court in its discretion as just including, but not limited to, all of Defendant's profits or gains of any kind resulting from Defendant's willful infringement and/or acts of unfair competition, and any damages ICON suffered as a result of Defendant's actions, said damages to be trebled as allowed under applicable law;

G.     For judgment awarding ICON its costs and reasonable attorneys' fees in view of the intentional nature of the acts complained of in this Complaint and the exceptional nature of this case, pursuant to FED. R. CIV. P. 54, 15 U.S.C. § 1117(a)-(b), and applicable common law, state statute and federal law;

H.     For judgment ordering Defendant to promulgate corrective advertising sufficient to inform the consuming public that there is no connection between ICON and Defendant;

I.     For judgment awarding ICON pre- and post-judgment interest on any monetary award made part of the judgment against Defendant; and

J.     For such other and further relief as the Court may deem just, proper, and equitable under the circumstances.

## **JURY DEMAND**

Pursuant to FED. R. CIV. P. 38(b), Plaintiff hereby demands a trial by a jury on all issues so triable.

Dated: February 26, 2018

Respectfully submitted,

**JARDIM, MEISNER & SUSSER, P.C.**

*s/Bennet Susser*

Bennet Susser, Esq. (BS-7799)
30B Vreeland Road, Suite 201
Florham Park, New Jersey  07932
973-845-7640
973-845-7645 (Fax)
bennet@jmslawers.com
*Attorneys for Plaintiff*
*ICON HEALTH & FITNESS, INC.*

**OF COUNSEL:**

James W. McConkie III (Application for Admission *Pro Hac Vice* Forthcoming)
jmcconkie@wnlaw.com

Matthew A. Barlow (Application for Admission *Pro Hac Vice* Forthcoming)
mbarlow@wnlaw.com

Brittany Frandsen (Application for Admission *Pro Hac Vice* Forthcoming)
bfrandsen@wnlaw.com

WORKMAN NYDEGGER
60 East South Temple, Suite 1000
Salt Lake City, UT 84111
Tel:      801.533.9800
Fax:     801.328.1707

<u>**CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2**</u>

The undersigned hereby certifies, pursuant to LOCAL CIVIL RULE 11.2, that with respect to the matter in controversy herein, neither Plaintiff nor Plaintiff's attorney is aware of any other action pending in any court, or of any pending arbitration or administrative proceeding, to which this matter is subject.

Dated: February 26, 2018

*s/Bennet Susser*
Bennet Susser
Attorneys for Plaintiff
ICON HEALTH & FITNESS, INC.